Tewkesbury v. Beckwith.

*Appeal dismissed.*

---

## WILLIAM J. TEWKESBURY
### v.
## JOHN W. BECKWITH, ADMINISTRATOR, ETC.

*Administration.*

In an action by an administrator to recover certain counsel fees alleged to have been due his intestate, the testimony of another attorney in the same case being introduced to prove what the terms of employment were, he stating that defendant told him of terms that had been agreed upon by the defendant and the deceased, and to consult with deceased, this court holds that the trial court erred in refusing certain instructions asked by the defendant, the same touching declarations of the deceased in the absence of the defendant, heard by the witness, and holds that the judgment for the plaintiff can not stand.

[Opinion filed November 7, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. F. W. BECKER and W. I. CULVER, for appellant.

Mr. M. J. SCRAFFORD, for appellee.

MR. JUSTICE GARY: The appellee as administrator of the estate of his father, the late Corydon Beckwith, once one of the judges of the Supreme Court of this State, sued the appellant for counsel fees. What the terms of employment were, the appellee offered the testimony of another attorney engaged in the same case, to prove. He testified that the appellant told him of terms that had been agreed upon

by the appellant and the deceased, and also told the witness to consult with the deceased.

The witness testified also that he asked the deceased if he understood about the fees, and how they were to be paid, and he said he did. To this testimony, these instructions asked by the appellant, and refused, were pointed:

" 6. The jury are instructed to disregard anything that the witness Riddle says he heard the intestate, Beckwith, say in reference to an employment by the defendant, in absence of defendant.

7. What, if anything, the intestate, Beckwith, said to Riddle as to the employment by defendant, claimed by the plaintiff herein, is incompetent, and should be disregarded by the jury, if said in the absence of defendant." The refusal was error.

The appellant had, as the witness testified, only referred him to the deceased to consult about the contemplated suit; not talk about fees. Between the testimony of the witness and that of the appellant himself, there was an irreconcilable conflict. The question for the jury was, which to believe, and they might be easily misled to regard the supposed statement by the deceased as corroborative of the version adverse to the appellant. The deceased died before the suit was terminated.

It is contended by the appellant that the contract, if one there were, was for entire service through the whole case, and that there can be no recovery for partial service. We agree with his law, but do not decide that the facts of this case are, or are not, such as to make it applicable.

If the deceased was counsel, and counsel only, to be called when his services were needed, and if the suit ended by compromise in the negotiation of which the appellant wanted, and would, if the deceased had continued in life, have called for, no counsel, it may well be that the entire service was rendered, notwithstanding the death before the end of the suit.

Specifically for the refusal of the instructions copied, the judgment is reversed and the cause remanded.

*Reversed and remanded.*